**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES**<br>**PLAINTIFF**<br><br>    vs.<br><br>**JULIO ANGEL CURET**<br>**DEFENDANT** | **24-CR-387 (PAD)** |

**SENTENCING MEMORANDUM**

**TO THE HONORABLE COURT:**

   **COMES NOW,** the defendant, *Julio Angel Curet*, through the undersigned attorney and respectfully submits the following sentencing memorandum:

**INTRODUCTION**

   *Julio Angel Curet* timely pled guilty to Count One of a six count indictment to conspire to commit an offense defined in 46 U.S.C. § 70503 that is: to knowingly and intentionally possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1), 70506(b), and 21 U.S.C. § 960(b)(l)(B). Mr. Curet accepted responsibility for his conduct. After having spent a substantial part of his life dealing with his addiction to heroin, his desire to better his family, he has erroneous placed his family in a situation that has shaken their stability. Mr. Curet has learned that doing things the right way gets him further than doing them the wrong way.. In his own words, "When you are in a good place, you should realize that what you are giving is already enough. Money has a way of blinding people. I did not gain any benefits from

1

this offense."[1]  Mr. Curet has a substantial history of drug addiction with heroin, which accounts for his criminal record. He was drug free from 2009 to 2013. However, in 2014, he had a recurrence, and he sought treatment. He completed treatment in 2018, and since then he has not used any illegal substances. However, he was tired of having a bad life and he did not want to continue with this behavior for the wellbeing of his family.[2]

Pursuant to the plea agreement, *Julio Angel Curet* pled guilty to a lesser included drug amount for the purpose of the applicable statutory penalties and stipulated for sentencing guideline purposes his accountability to possess with the intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. As to Count One of the Indictment, the minimum statutory penalty is a term of imprisonment of not less than five (5) years nor more than 40 years; and a supervised release term of four (4) years.

## GUIDELINE CALCULATIONS

Count 1 involves a Conspiracy to Possess with Intent to Distribute Cocaine Aboard a Vessel subject to the jurisdiction of the United States. The base offense level for a violation of 46 U.S.C. § 70503(a)(1) is USSG §2D1.1 I and USSG §2D1.1(a)(5) for at least 50 but less than 150 kilograms of cocaine pursuant to USSG §2D1.1(c)(3) is 34 There are no specific offense characteristics nor victim related adjustments, nor for his role in the offense. There is also no adjustment for obstruction of justice. This provides for an offence level of 34 since no enhancement levels were applied. Three levels were reduced for acceptance of responsibility pursuant to USSG §3E1.1(a) and (b), having clearly demonstrated acceptance of responsibility for the offense and having timely notified authorities of the intention to enter a plea of guilty. for

---

[1] PSR, **Acceptance of Responsibility,** p. 6, paragraph 25
[2] PSR, **Substance Abuse**, p. 13, paragraph 73

an offense level: 31. The plea agreement, included a downward variance for early acceptance of responsibility for having conserved valuable judicial and prosecutorial resources, further reducing it to the adjusted offense level of 29.

The plea agreement recommended a sentence of 87 months irrespective of his criminal history.

### SENTENCING FACTORS PURSUANT TO 18 U.S.C., SECTION 3553 (a)

Upon the imposition of sentence, the Court must consider the sentencing factors found in 18 USC, section 3553(a), those factors to be considered to determine and *impose a sentence that is sufficient but not greater than necessary* to comply with the sentencing factors set forth in paragraph 2 of subsection 3553(a).

Mr. Curet is a repeat offender mainly due to his drug addiction. Due to his previous history, his attempts at rehabilitation, his family ties and the recognition of his mistaken judgment, a sentence at the lower end of the guideline range, that is 87 months, as stipulated and recommended by the government is adequate and reasonable. Such a sentence will adequately reflect the *seriousness of the offense for Mr. Curet, will promote respect for the law and provide a just punishment for the offense committed.* A reasonable sentence as reflected in the plea agreement and the guideline calculations satisfies these factors and will more than afford adequate deterrence to future criminal conduct, considering his acceptance of responsibility, and the self-realization of the mistake he made. Mr. Curet recognizes that he will pay a high price for an error that he is repentant of having committed. His detention, in addition to the time that he has already served has made him recognize the severity of his offense. His struggle with addiction and his attempts at rehabilitation had the side effect of a feeling of inadequacy to provide the necessary financial support for his family. This is something that he has fully

recognized and repentant to have becoming involved with. His family is extremely supportive of him and will be at his side during and after his incarceration. This includes his mother, wife and others. Due to his past problems with substance abuse, in an abundance of caution, this court should recommend his participation in the 500 hour drug rehabilitation program.

*Mr. Cure* is still a relatively young man, and he will take advantage of whatever courses that will help him secure employment or aid him when he is released.

The length of a sentence imposed pursuant to the guideline calculations will duly protect the public from any actions by Julio Angel Curet, in addition to recognizing the mistaken misgivings of his addition and the real needs of his family. It is submitted that has already learned a valuable lesson and has accepted responsibility for his actions. He has assumed responsibility and will be on the path of preparing himself for when he is released. These are the goals of the system.

His acceptance of responsibility, his past struggle with drug addiction, coupled with his strides to resolve this problem and the recognition of the mistake he made are mitigating factors that should be considered for the Court to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing based on the sentencing factors found in 18 U.S.C., section 3553(a), in addition to any mitigating factors in his past and present.

The Court in its discretion has the authority to consider the kind of sentence and sentencing range necessary to provide for an individualized sentence for *Julio Angel Curet, based* on guideline calculations, the plea agreement recommendations and other factors presented in the pre-sentence report and this sentencing memorandum. It is respectfully submitted that a sentence based on the guideline calculations is sufficient but not greater than necessary for *Julio* of 87 months. It is unfortunate that he will be subject to a term of

4

imprisonment for his misguided and mistaken conduct. However, this is something that he fully accepts.

The guidelines were created for the purpose of imposing a sentence that is *sufficient but not greater than necessary*. *Gall v. United States*. Added to the guidelines is the Court's inherent role to provide for justice taking into consideration the sentencing factors. Upon reviewing the individual factors, including but not limited to *Julio's* criminal history, financial reality, education and history and efforts to resolve his addition problems, this court can devise an individual sentence that is appropriate for him. It is submitted that justice can be served limiting the harshness of the sentence based on the stipulated sentence recommended in the plea agreement of 87 months, considering his background and self-realization of the error he committed and his willingness to make the appropriate adjustments in his life.

It is therefore submitted to this Court that in its discretion, it impose a sentence of 87 months pursuant to the plea agreement and the sentencing factors, understanding that such a sentence is *sufficient but not greater than necessary to comply with the purposes of sentencing* for Julio Angel Curet. Such a sentence is just and fair considering his individual background.

**WHEREFORE**, submits this sentencing memorandum and prays that in the Court's discretion sentence him to a term of 87 months based on the stipulation and recommendations found in the plea agreement and the sentencing factors. This is an individual that has had his setbacks in the past, has made strides to recover and has truly learned from his mistakes.

In San Juan, Puerto Rico, dated this 17th day of October 2025.

           **S/ROBERT MILLAN**
           **ROBERT MILLAN, ESQ.**
           **USDCPR 202406**
           **250 CALLE DE SAN JOSE, STE.1**
           **SAN JUAN, PR 00901**
           **TEL: (787) 725-0946**
           **Cell: (787)   579-1533**
           *e-mail: rmi3183180@aol.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: ***Cody A. McKinney, AUSA***

           **S/ROBERT MILLAN**